UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09365-SVW-RAO | Date | December 7, 2015 |
|---|---|---|---|
| Title | *Paladar Capital Investments, LP v. Hugo Chavarria et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

   Plaintiff Paladar Capital Investments, LP filed an unlawful detainer action against Defendants Hugo Chavarria et al in the Los Angeles County Superior Court on May 27, 2015. On December 3, 2015, Defendants removed the case here, alleging federal jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1331.[1]

   There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); 28 U.S.C. § 1441. In seeking removal, the defendant bears the burden of establishing jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Defendants contend that removal is proper in this case because Plaintiff violated their rights under the Federal Fair Housing Act, U.S. Const. art. IV, VII, and XIV, and the U.S. Contract Clause in art. I sec. 10.

   "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation and internal quotation marks omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly

---

   [1] Although Defendants do not indicate when they were served with Plaintiff's complaint, the Court notes that Defendants' removal may also be untimely. 28 U.S.C. § 1446 (a defendant must file a notice of removal within 30 days after being served with a complaint alleging a basis for removal).

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09365-SVW-RAO | Date | December 7, 2015 |
|---|---|---|---|
| Title | *Paladar Capital Investments, LP v. Hugo Chavarria et al* | | |

at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis original). Plaintiff's complaint states a single claim for unlawful detainer, which is purely a matter of California law. On its face, therefore, the complaint shows no basis for federal question jurisdiction.

      The Court lacks jurisdiction over the subject matter of this case. The Clerk shall REMAND the case to the Los Angeles County Superior Court.

:

Initials of Preparer      PMC